**CELESTE FROCKS, Inc., a corporation,
Plaintiff,**

v.

**CELESTE OF MIAMI, Inc., a corporation, Defendant.**

Civ. No. 6790-M.

United States District Court
S. D. Florida, Miami Division.

April 17, 1957.

Phillips, Nizer, Benjamin & Krim, New York City, and Herbert S. Sawyer, Evans, Mershon, Sawyer, Johnston & Simmons, Miami, Fla., for plaintiff.

Samuel Rubin, Miami Beach, Fla., for defendant.

CHOATE, District Judge.

This cause having come on for trial the 5th day of March, 1957, before the Court sitting without a jury and the Court, having considered the evidence received at the trial together with the other matters of record herein, does find and hold as follows:

### Findings of Fact

(1) The Plaintiff, Celeste Frocks, Inc., a New Jersey corporation, has its executive office and showroom in New York, New York.

(2) The Defendant, Celeste of Miami, Inc., a Florida corporation, has its principal office and place of business in Miami, Florida.

(3) The Plaintiff, engaged in the business of manufacturing, distributing and selling ladies' and children's clothing and apparel in interstate commerce under the trade name of "Celeste" for at least ten years, has expended large sums of money in national advertising of its product offered for sale and sold under the trade name of "Celeste."

(4) The Defendant has manufactured or caused to be manufactured, offered for sale and sold, or caused to be offered for sale and sold, ladies' dresses, and is now offering for sale and selling ladies' dresses, under the trade name of "Celeste" with practically the same label as the trade mark of the Plaintiff, and has been so doing since its incorporation in July of 1955.

(5) The Plaintiff registered its trade mark "Celeste" (see Exhibit 1 to Complaint filed March 6, 1956) in the United States Patent Office on July 12, 1949, Registration No. 512,106 (registered pursuant to application Serial No. 533,268, filed September 4, 1947), and the Plaintiff has continuously employed the trade mark "Celeste" in connection with and as identifying its product since 1945.

(6) The script writing of the name "Celeste" as employed by the Defendant on its principal place of business at 2505 N. W. 5th Avenue, Miami, Florida, (Exhibit 2 to Complaint filed March 6, 1956) and the script writing of the name "Celeste" on the label on the clothes manufactured, sold, distributed, etc. by the Defendant, are similarly styled to the signature shown on the Plaintiff's trade mark and trade name employed by the Plaintiff for the past many years in labelling and advertising its own products.

(7) The Defendant's use of the said name, trade mark and signature is calculated to cause and has caused and does now cause confusion in the trade and in the public mind respecting the source of manufacture of the merchandise of the respective parties hereto.

(8) The Defendant's use of the said name, trade mark and signature has constituted, and now constitutes, unfair competition, to the detriment and damage of the Plaintiff.

(9) The Defendant's use of the said name, trade mark and signature constitutes an infringement of the right of the Plaintiff to enjoy exclusively the use

and benefit of its said name, trade mark and signature as respects to wearing apparel for women and children.

Conclusions of Law

(1) The Court has jurisdiction of the parties and the subject matter herein.

(2) The Court having entered Findings of Fact (7), (8), and (9), does hereby permanently enjoin the Defendant, its agents, officers, servants, employees and successors from:

(a) Further using the name "Celeste," or any combination of words including the word "Celeste," as its corporate name.

(b) Further using the name "Celeste," or any combination of words including the word "Celeste," in its labels on wearing apparel for women or children manufactured, or caused to be manufactured, or sold, or caused to be sold, by it.

(c) Further advertising in any newspapers, magazines, or other media of advertising, its business as "Celeste of Miami, Inc.", or any wearing apparel for women or children under the name of "Celeste," or any combination of words using the word "Celeste."

(d) Exhibiting any signs, large or small, on the premises of its business at 2505 N. W. 5th Avenue, Miami, Florida, or any other place or building, owned, managed, occupied or operated by it, or any of its agents, officers, servants, employees or successors, showing the name "Celeste," or any combination of words including the word "Celeste."

(e) Using the name "Celeste," or any combination of words including the word "Celeste," on any of its stationery, letterheads, wrapping paper, packages, paper bags, or in any other manner.

(3) The Court retains jurisdiction of this cause only for the purpose of making any further orders as may be necessary to protect the Plaintiff against any use contrary to the decision of this Court herein by the Defendant, or any of its agents, officers, servants, employees or successors, of the name, trade mark, or signature "Celeste," or any combination of words including the word "Celeste."